UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 173D AIRBORNE BRIGADE ASSOCIATION,<br><br>  Plaintiff,<br><br>  v.<br><br>CALEB GELLER, et al.,<br><br>  Defendants. | NO. CV 23-10076-KS<br><br>MEMORANDUM OPINION AND ORDER |

## BACKGROUND

On November 30, 2023, Plaintiff 173D Airborne Brigade Association filed a Complaint against Defendants Caleb Geller, Michael Geller, and 100 Doe defendants (collectively "Defendants") alleging breach of fiduciary duty, intentional misrepresentation (fraud), conversion, and money had and received. (Dkt. No. 1.) On April 3, 2024, Defendants Caleb Geller and Michael Geller filed an Answer to the Complaint denying the allegations in the Complaint and alleging affirmative defenses. (Dkt. No. 23.) On April 19, 2024, then presiding District Judge Snyder dismissed Doe defendants 11-100 because the inclusion of those 89 additional Doe defendants violated Local Rule 19-1, which prohibits a Complaint from including more than ten fictitiously named parties. (Dkt. No. 31.)

1

On June 27, 2024, the parties consented to the undersigned Chief Magistrate Judge for all further proceedings. (Dkt. No. 38.) The Court subsequently held a scheduling conference on September 3, 2024, at which the Court accepted the parties' proposed case management and trial dates as presented in the Joint Rule 26(f) Scheduling Report. (Dkt. Nos. 41, 41-1, 43, 43-1.) Pertinent here, the Court's Scheduling Order provided that the last date for hearing dispositive motions was June 3, 2025; contentions of fact and law, exhibit and witness lists, and a status report regarding settlement were due on July 8, 2025; findings of fact and conclusions of law as well as summaries of the planned direct testimony were due by August 5, 2025; the hearing on motions *in limine* was scheduled for August 12, 2025; the final pretrial conference order was to be lodged, and proposed and disputed jury instructions and verdict forms were to be filed, by August 15, 2025; trial briefs were due on August 19, 2025; and trial, estimated to last 5-7 days, was scheduled to commence on August 26, 2025. (Dkt. No. 43-1.) Neither party has submitted *any* of these required filings.

On September 26, 2024, Defendant Michael Geller filed a Notice of Bankruptcy reflecting that he was in an active bankruptcy case before the United States Bankruptcy Court for the District of Nevada, Case No. 24-14392. (Dkt. No. 44.) On September 30, 2024, the Court concluded, in accordance with 11 U.S.C. § 362, that this action was subject to an automatic stay as to Defendant Michael Geller. (Dkt. No. 45.) The Court ordered that this litigation would resume against Defendant Michael Geller only after the parties lodged a notice that the bankruptcy proceedings in the District of Nevada had concluded. (*Id.*) The Court further ordered that the "automatic stay applies **ONLY TO DEFENDANT MICHAEL GELLER**" and that as to all other parties "this action continues and all dates and deadlines remain in place, . . . ." (*Id.*, emphasis in original.)

On January 13, 2025, attorney Taylor E. Darcy, counsel for Defendants Michael Geller and Caleb Geller, filed a motion to withdraw as counsel of record for Defendant Caleb Geller. (Dkt. No. 46.) The next day, on January 14, 2025, attorney Darcy filed a Request for

Approval of Substitution or Withdrawal of Counsel as to both Michael Geller and Caleb Geller. (Dkt. No. 47.) On February 6, 2025, the Court granted counsel's request as to Defendant Caleb Geller only. (Dkt. No. 48.) Due to the automatic bankruptcy stay, the Court did not rule on the request as it concerned Defendant Michael Geller and that as to Defendant Michael Geller request remains pending. (Dkt. No. 47.)

On July 16, 2025, on its own motion, the Court rescheduled the final pretrial conference from July 29, 2025, to August 5, 2025. (Dkt. No. 49.)

On August 5, 2025, counsel for both active parties (Plaintiff 173D Airborne Brigade Association and Defendant Caleb Geller) failed to appear at the final pretrial conference. (Dkt. No. 50.) Defendant Caleb Geller notified the Court via telephone that he would not appear at the Final Pretrial Conference because he was hospitalized, but his was "the first and only communication from any party regarding their non-appearance at the Final Pretrial Conference." (*Id.*) Additionally, as of August 5, 2025, the parties had "not complied with any of the Court's trial-related deadlines or communicated with the Court regarding the status of this case." (*Id.*)

Consequently, on the same date as the final pretrial conference, August 5, 2025, the Court issued an Order to Show Cause re: the Failure to Prosecute ("OSC"). (*Id.*) Specifically, the OSC ordered Plaintiff to show cause, on or before August 13, 2025, "why the Court should not dismiss this matter for the failure to prosecute." (*Id.*) The OSC advised counsel for Plaintiff that Plaintiff "may discharge this Order by filing a statement signed under penalty of perjury, of no more than five (5) pages, establishing good cause for the failure to comply with the Court's scheduling order and failure to communicate with the Court regarding the status of this case." (*Id.*) Plaintiff was also admonished, in bold letters, that the "[f]ailure to timely comply with this Order will result in the issuance of an order of

1  dismissal with prejudice for failure to prosecute and to comply with Court orders pursuant to
2  Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.*)

4  On August 22, 2025, with no response from the OSC having been filed by Plaintiff,
5  the Court vacated the August 26, 2025 trial date. (Dkt. No. 51.)  Now – more than two weeks
6  after the deadline to file a response to the OSC and two days after trial was set to commence
7  – Plaintiff has not responded to the OSC or had any communication with the Court.

## DISCUSSION

It is well established that "district courts have inherent power to control their dockets and may impose sanctions, *including dismissal*, in the exercise of that discretion." *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 10712, 1074 (9th Cir. 1998) (emphasis in original; internal citation and quotation marks omitted).  Further, Federal Rule of Civil Procedure 41(b) grants federal district courts the authority to *sua sponte* dismiss actions for the failure to prosecute and/or comply with court orders. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal.  As the Court discussed above, both the deadline to respond to the OSC and for the commencement of trial have passed and Plaintiff has had no contact with the Court – this despite the Court's clear warning that the failure to respond to the OSC "will result in the issuance of an order of

1 | dismissal with prejudice for failure to prosecute and to comply with Court orders . . . ."
2 | (Dkt. No. 50.)

However, even beyond these failures to act, there is also no indication in the record that Plaintiff has complied with *any* dates and deadlines in the Court's Scheduling Order. Plaintiff filed no contentions of fact and law, no exhibit or witness lists, no status report regarding settlement (or any indication that an attempt at settlement was made), no findings of fact and conclusions of law, no summaries of the planned direct testimony, no motions *in limine*, no final pretrial conference order, no proposed and disputed jury instructions, no verdict forms, and no trial briefs despite the deadlines for all of those pretrial requirements having passed. (Dkt. No. 43-1.) Indeed, counsel for Plaintiff has not filed anything or had any contact with the Court since the September 3, 2024 Scheduling Conference approximately one year ago. (Dkt. No. 43.) Plaintiff has neither proffered an explanation for the failure to participate in any pretrial proceedings or comply with the Court's Scheduling Order, nor for failing to appear at the final pretrial conference or failing to respond to the resulting OSC. Plaintiff's inaction directly frustrates the public interest in expeditious resolution of litigation and the need to manage the Court's docket, and the first two factors weigh heavily in favor of dismissal. *Pagtalunan*, 291 F.3d at 642; *Ferdik*, 963 F.2d at 1260-61.

The third factor—risk of prejudice to Defendants—also weighs in favor of dismissal. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967-68. This case has been on the Court's docket since November 30, 2023, and approximately one year has passed since Plaintiff made any contact with the Court concerning this matter. (Dkt. No 43.) Additionally, in issuing the OSC, the Court afforded Plaintiff notice and time to respond why this action should not be dismissed for the failure to prosecute and warned Plaintiff in unequivocal language that the failure to timely respond to

5

the OSC would result in dismissal.  (Dkt. No. 50.)  Yet, Plaintiff has not responded to the OSC.  On these facts, the Court finds the delay in prosecuting this matter unreasonable and presumes prejudice.  *Eisen*, 31 F.3d at 1452-53; *Moore*, 589 F.2d at 967-68.

Even the fourth factor—the availability of less drastic sanctions—does not weigh in favor of retaining this action on the Court's docket.  The Court has attempted to avoid outright dismissal by issuing an OSC for the specific purpose of affording Plaintiff time to respond and argue against dismissal.  (Dkt. No. 50.)  Moreover, even before Plaintiff failed to appear at the final pretrial conference, failed to respond to the Court's OSC, and let the trial date pass without any contact with the Court, Plaintiff also over the course of several months ignored all of the deadlines in the Court's Scheduling Order without any communication with the Court. (Dkt. No. 43.)  In particular, Plaintiff's failure to respond to the OSC despite the OSC providing clear notice that the case would be dismissed indicates that Plaintiff abandoned this action, perhaps some time ago, and would not have responded to threats of lesser sanctions.  Thus, any alternatives to outright dismissal would not have been effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor—the general policy favoring resolution of cases on the merits—in many cases would weigh against dismissal.  Here, however, as outlined above, Plaintiff has failed to meet any Court-ordered deadlines, failed to make any preparations for trial, failed to appear at the final pretrial conference, and ignored the date set for the trial to commence.  Plaintiff's conduct strongly indicates he "does not intend to or cannot litigate this action diligently or comply with the Court's instructions."  *Loder v. Cty of Los Angeles*, Case No. 21-8015-DMG (PDx), 2023 WL 5423010, *1 (C.D. Cal. April 7, 2023) (dismissing action without prejudice for lack of prosecution).   Thus, it does not appear that the Court's retention of this action would increase the likelihood of any resolution on the merits.

6

Lastly, no party to this action has lodged a notice that Defendant Michael Geller's bankruptcy proceedings in United States Bankruptcy Court for the District of Nevada, Case No. 24-14392, have concluded. Therefore, the automatic bankruptcy stay as to Michael Geller remains in place. 11 U.S.C. § 362. **However**, the Court's dismissal for the failure to prosecute is nevertheless appropriate as to this *entire action* because such a dismissal does not constitute a "continuation" of a judicial proceeding against Defendant Michael Geller, and does not, therefore, run afoul of 11 U.S.C. § 362(a)(1). *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE for lack of prosecution and for the failure to comply with Court orders. Fed. R. Civ. P. 41(b); *see also* C.D. Cal. L.R. 41-1 ("Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."); C.D. Cal. L.R. 41-5 ("If a party, without notice to the Court, fails to appear at the noticed call of any action or proceeding, the matter is subject to dismissal for want of prosecution."). Any pending motions are DENIED as moot and terminated.

IT IS SO ORDERED.

DATE: August 28, 2025

KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE